UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | Case No. 01-CR-10277-GAO |
| v. | 03cv12309 GAO |
| FRANK COLEMAN,<br>a/k/a LEXUS,<br>a/k/a TEVHYN WILSON,<br>a/k/a CLYDE SYDNOR | MAGISTRATE JUDGE Alexander |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. §2255

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, hereby files respectfully its Opposition to the October 14, 2003 Petition for Writ of Habeas Corpus Under 28 U.S.C. §2255 ("Petition") filed by Defendant Frank Coleman ("Coleman"). For the reasons which follow, this Court should deny Coleman's Petition in full because it is untimely.

Section 2255(1) provides for a one-year state of limitations which commences on "the date on which the judgment of conviction becomes final," with certain exceptions not applicable to this case. See 28 U.S.C. §2255(2)-(4). Judgments become final under §2255 when the time expires for the petitioner to seek further review. See, e.g., Clay v. United States, 123 S.Ct. 1072, 1075 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the

appellate court's affirmation of the conviction."); Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002) ("[A] conviction for a federal defendant who fails to file a petition for writ of certiorari becomes final when the period in which he seasonably might have done so expires."); Caron v. United States, 183 F. Supp. 2d 149, 152 (D. Mass. 2001) ("[W]here a petitioner . . . does not seek certiorari, his conviction becomes final upon the expiration of the ninety-day period for filing a petition for certiorari."); Rodriquez v. United States, 111 F. Supp. 2d 112, 113 (D. Conn. 1999) ("It has been found that the statute of limitations [in §2255] runs from 'the conclusion of direct review or the expiration of the time for seeking such review.'").

In this case, this Court imposed judgment on June 4, 2002 and executed it in writing one day later. Coleman did not seek direct review from the First Circuit, precluding him from petitioning for certiorari in the Supreme Court. Instead, he filed his instant Petition on October 14, 2003, sixteen months after the one-year statute of limitations under §2255 had lapsed.[1] Under 28 U.S.C. §2255(1), Coleman's Petition is time barred and should be rejected.

---

[1] Under Fed. R. App. P. 4(b)(1)(A)(i), Coleman had to file his notice of appeal by June 14, 2002. He did not.

WHEREFORE, the government respectfully requests that this Court deny in full Coleman's Petition.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *Colin Owyang*
COLIN OWYANG
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon defendant Frank Coleman, Reg. No. 23717-038, FCI Allenwood Medium, Unit 2-A, P.O. Box 2000, White Deer, PA 17887-2000 on October 20, 2003 by first-class mail.

*Colin Owyang*
Colin Owyang
Assistant U.S. Attorney