UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )    Case No. 01-CR-10277-GAO
)
)
)
)    **Response to Governments's**
)    **opposition to §2255 Action.**
v.                           )
)
)
Frank Coleman.               )
)
)

The petitioner have to concede, that this action under Title 28 USC §2255 is time barred, yet, the petitioner claim of entitlement to relief does not go without notice upon the Government that he is in fact entitled to such relief, and that the only issue in material, or otherwise legal dispute is the vehicle in which this action is brought to this court. A right, that goes to legal entitlement should not be so easily forfeited. The Government should be ordered to address the merit of the claim.

The right that petitioner refers to is not a right that challenge the legality of his conviction, and therefore, cannot be brought under an actual innocent doctrine, rather, the claim does not even challenge the jurisdiction of the sentence, on the contrary, it simply states a claim that at time of sentencing his Attorney could, and should had ask the court for a downward departure because of the severity of security the petitioner will be placed in because he is slated to be deported. It is a security, that other inmates, not being deported, with common sentences would not otherwise face unless there is a detainer, or determined to be

1

an escape risk. Indeed, the petitioner will never had been classified to a medium security prison, at least, after first review he would had been reclassified to a lower security, and eventually to out custody security. The petitioner claim that a right which is available, at the time of sentencing, which is overlooked is enough to say it was plain error, though, not intentionally. Petitioner believe that even defense counsel was unaware of the right, and therefore, such are the same result of ineffectiveness, which mirrors the plain error on behalf of this court. **Federal Rule of Criminal Procedure 52(b)**, provides. **" A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.**The petitioner will ask the court not to just consider the fact that petitioner stipulated to his own departure, and should be considered for downward departure by one level. see **United States v. Ramnath 958 F. Supp 99 (E.D.N.Y. 1997).**, the court should look to the same set of circumstances in **United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994) " If defendant status as deportable alien is likely to cause fortuitous increase in severity of his confinement departure may be appropriate."** The petitioner ask the court to hear this claim on its merits, though the form this originally came to this court under is statutorily time barred, review under Rule 33 and 52(b), petitioner so pray.

Respectfully Submitted

*Frank Coleman*

Frank Coleman
Pro Se Petitioner

2